BRUCE W. BLAKELY [SBN 106832]
FLAXMAN & BLAKELY
Shelterpoint Business Center
591 Redwood Highway, Suite 2275
Mill Valley, CA 94941
Telephone:  (415) 381-6650
Facsimile:  (415) 381-4301

Attorney for Plaintiff and Creditor
Philip DiGirolamo

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE | Case No.: 10-50178 |
| ANGELO DiGIROLAMO, | Adversary Proceeding No.: 10-05022 |
| Debtor. | Chapter 7 |
| | **MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| PHILIP DiGIROLAMO, | |
| Plaintiff, | |
| vs. | |
| ANGELO DiGIROLAMO, | |
| Defendant. | |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff Philip DiGirolamo ("Plaintiff") alleges as follows:

## A. PROCEDURAL BACKGROUND

1. On January 8, 2010, Angelo DiGirolamo (the "Defendant") filed a voluntary petition for liquidation under Chapter 7 of the Bankruptcy Code, initiating the above case.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3. This Court exercises core jurisdiction pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is appropriate pursuant to 28 U.S.C. § 1409(a).

5. On February 4, 2010, Plaintiff Philip DiGirolamo filed the instant Adversary Proceeding.

6. On February 9, 2010, Plaintiff duly served the Defendant with the Complaint and Summons herein.

7. More than 30 days have elapsed since said service, and no Answer or responsive pleading has been filed with the Court or served on the Plaintiff.

8. On March 23, 2010 plaintiff filed a request for entry of default.

9. On April 1, 2010, the clerk of the Court entered a default against defendant Angelo DiGirolamo.

## B. ENTRY OF DEFAULT JUDGMENT WOULD BE APPROPRIATE

10. The substantive issues are not matters about which the credibility of witnesses or testimony is necessary and this case can be resolved strictly on the basis of the existence of a non-dischargeable State Court Judgment, which collaterally estopps re-litigation of the matters determined by the trial court. Plaintiff prays that the Court grant relief on the papers, without requiring an evidentiary hearing.

## C. FACTS IN SUPPORT OF JUDGMENT

11. The facts in support of this motion for entry of judgment are set forth in the Declaration of Bruce W. Blakely filed herewith, and the Exhibits thereto, including the Amended Judgment in favor of Plaintiff Philip DiGirolamo and against defendant. Exhibit B. The facts are as follows:

12. Bruce W. Blakely was the trial attorney in the case of *Philip DiGirolamo v. Rosalie A. Pierce, Paul Pierce and Angelo Christopher DiGirolamo, individually and in his capacity as Trustee of the Joseph Salmeri Trust*, Alameda County Superior Court Case No. RG-08-407865. This case was tried in the Superior Court commencing September 4, 2009.

13. The Superior Court case dealt with the distribution of the assets of Joseph Salmeri's express Trust (the "Trust"). Defendant Angelo DiGirolamo was the Trustee of the Trust.

14. Following the trial of this matter, on October 5, 2009, the Alameda County Superior Court issued a Judgment (the "Original Judgment") in favor of Philip DiGirolamo and against Angelo DiGirolamo in the amount of $654,048.78, plus attorney's fees in an amount to be determined by post-trial motion. A true and correct copy of the Original Judgment dated October 5, 2009 is attached to the Blakely Declaration filed herewith as Exhibit A.

15. The trial court determined that the debtor in this bankruptcy proceeding, Angelo DiGirolamo, was the trustee of the Joseph Salmeri Trust. Exhibit A, 2:1-2.

16. The trial court's Judgment specifically found that defendant Angelo DiGirolamo had engaged in fraud and defalcation of his fiduciary duties. Exhibit A, 4:1-3.

17. An Amended Judgment (the "Amended Judgment") was entered by the Alameda County Superior Court on December 28, 2009. The trial court's Original Judgment imposed a constructive trust upon real properties owned by defendant Rosalie Pierce and her husband, Paul Pierce, located in Fernley, Nevada. The Amended Judgment amended the Original Judgment in only one respect. It modified the terms of the constructive trust over these Fernley, Nevada real properties. The Amended Judgment does not in any way change the Court's ruling against Angelo DiGirolamo as set forth in the Original Judgment. A true and correct copy of the Amended Judgment dated December 28, 2009 is attached to the Blakely Declaration filed herewith as Exhibit B.

18. In the Amended Judgment, as in the Original Judgment, the Superior Court specifically found that Angelo DiGirolamo had breached his fiduciary duty, had failed to

distribute trust assets owing to plaintiff, had engaged in financial abuse of a dependent adult, and had engaged in actual fraud. Exhibit B, 3:3-5 .

19. As in the original judgment, the Superior Court also found that the Judgment against Angelo DiGirolamo was for fraud and defalcation of fiduciary duties. Exhibit B, 4:12-14. In particular, the trial court found that Angelo DiGirolamo had breached his fiduciary duties due to his actions in wrongfully taking, concealing, and/or disposing of property belonging to the beneficiary of a trust, and that plaintiff Philip DiGirolamo was entitled to a judgment in the amount of $654,048.78 on that claim; that Angelo DiGirolamo was liable to Philip DiGirolamo in the sum of $654,048.78 due to his failure to distribute assets owing to Philip DiGirolamo from the Joseph Salmeri Trust; and that Angelo DiGirolamo was liable to Philip DiGirolamo in the amount of $654,048.78 due to his constructive fraud committed in his fiduciary capacity as trustee of the Joseph Salmeri Trust. Exhibit B, 3:6-22.

20. Accordingly, the Court entered judgment in favor of Plaintiff Philip DiGirolamo and against Defendant Angelo DiGirolamo in the amount of $654,048.78, plus costs. Exhibit B, 4:15-20.

21. The Amended Judgment against debtor, Angelo DiGirolamo is non-dischargeable in light of the fact that the judgment was for fraud and defalcation in a fiduciary capacity.

### D. BASIS FOR JUDGMENT

22. Judgments for fraud are non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2). Similarly, judgments for defalcation of fiduciary duty are non-dischargeable. U.S.C. § 523(a)(4). The Superior Court judgment against Angelo is non-dischargeable under both sections.

23. This action is subject to a preponderance of evidence standard of proof. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). Federal estoppel principles apply in bankruptcy cases and will be employed to prevent the re-litigation of issues already decided in state court. *Grogan v. Garner, supra*, 498 U.S. at 290 (1991); *Bugna v. McArthur*, 33 F. 3d 1054, 1056-57 (1994). Where an issue was previously litigated under state law, the bankruptcy court applies the state collateral estoppel law of the particular state in which the case had been litigated. *Gayden v.*

*Nourbakhsh*, 67 F. 3d 798 (9th Cir. 1995) (applying Florida state law); *Bugna v. McArthur, supra*, 33 F. 3d at 1057 (applying California state law; collateral estoppel precluded bankruptcy court from re-litigating fraud and fiduciary breach case under Section 523(a)(4) following judgment by the California state court).

24. Under California law, collateral estoppel applies to preclude litigation of issues that were actually decided on the merits in a prior case between the same parties. *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 511 (2009); *Bugna v. McArthur, supra*, 33 F. 3d at 1057. That is precisely the situation we have here.

25. The full faith and credit principles of 28 U.S.C. § 1738 require bankruptcy courts to give full effect to the rulings set forth in a state court judgment. *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985); *Migra v. Warren City School Dist. Board of Education*, 465 U.S. 75, 85 (1984). The issues of defalcation while acting in a fiduciary capacity and fraud were previously litigated in the state court. Angelo may not re-litigate these matters again in this bankruptcy proceeding.

26. False representations and actual fraud are both statutory bases for non-dischargeability. § 523(a)(2). The purposes of this provision are to prevent a debtor from retaining the benefits of property obtained by fraudulent means and to ensure that the relief intended for honest debtors does not go to dishonest debtors. *Birmingham Trust National Bank v. Case*, 755 F.2d 1474, 1477 (11th Cir. 1985). The Superior Court judgment is exempt from discharge under § 523(a)(2) since the Court found that Angelo was liable to Philip due to his false representations and fraud. Exhibit B, at 3:3-4:3; 4:12-18.

27. Section 523(a)(4) exempts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity ..." Here, Angelo's debt to Philip is non-dischargeable, since it is both a "fraud" and a "defalcation" performed while Angelo was acting as a fiduciary. The Superior Court made an express determination that Angelo DiGirolamo, a fiduciary, committed fraud. Exhibit B, 3:3-3:14; 4:12-18 The Superior Court Judgment is non-dischargeable under this section as well.

28. 11 U.S.C. § 523(a)(2) and § 523(a)(4) bar the discharge of all liability arising from fraud or defalcation while acting in a fiduciary capacity, including an award of punitive damages, costs, and/or attorney's fees. *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998).

29. There is no question that Angelo committed both fraud and defalcation while acting as a fiduciary of the Joseph Salmeri trust. He misappropriated plaintiff's money while acting as trustee of the trust. He engaged in financial abuse of a dependent adult through his use of his fiduciary capacity as trustee of the trust, to expropriate assets belonging to Philip. Angelo has also engaged in intentional fraud by making false representations and promises, all as previously determined by the Superior Court.

30. Plaintiff requests that the Bankruptcy Court enter a default judgment in favor of Philip DiGirolamo determining that the State Court Judgment is non-dischargeable.

WHEREFORE, Plaintiff prays that the Court make and enter its Default Judgment as follows:

1. Determining that, under the circumstances, an evidentiary hearing is not necessary;

2. Determining that the Defendant's debt to Plaintiff as reflected in the State Court Judgment is not discharged in bankruptcy;

3. Entering judgment in favor of Plaintiff Philip DiGirolamo and against defendant Angelo DiGirolamo; and

4. Granting such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 2, 2010

/S/
Bruce W. Blakely
Attorney for Plaintiff and Creditor
Philip DiGirolamo